Singh v. Barr

BIA
Poczter, IJ
A206 445 290

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand nineteen.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

GURSHARAN SINGH,
> *Petitioner,*

v.                                                            17-804
                                                             NAC
WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Jaspreet Singh, Jackson Heights, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director; Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gursharan Singh, a native and citizen of India, seeks review of a BIA decision affirming an Immigration Judge's ("IJ") decision denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gursharan Singh*, No. A 206 445 290 (B.I.A. Feb. 28, 2017), *aff'g* No. A 206 445 290 (Immig. Ct. N.Y. City Aug. 1, 2016). Under the circumstances of this case, we review both the IJ's and BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). In doing so, we assume the parties' familiarity with the underlying facts and procedural history in this case.

We review adverse credibility determinations under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). The governing REAL ID Act credibility

2

standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements[,] . . . the internal consistency of each such statement, the consistency of such statements with other evidence of record[,] . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *see* 8 U.S.C. § 1252(b)(4)(B).

In this case, the agency relied on the following factors: Singh's difficulty describing the specific activities he performed for the Akali Dal Mann Party, in particular, his failure to testify that he hung posters for the party's rallies until the Government's attorney specifically asked him about this; his testimony that he had back or spinal surgery after the August 2013 attack, which was omitted from

3

his asylum application and doctor's letter; his testimony that Indian police and opposing party members harassed his family members after he left India, which was omitted from his amended asylum application and his father's 2015 letter; and his failure to provide, when asked by the IJ, evidence corroborating his claim that other members of his party were similarly harmed, or otherwise to explain why such evidence was not reasonably available.

Each of these inconsistencies or omissions is supported by the record. Even if a single one of these discrepancies or omissions, on its own, would not provide substantial evidence for the adverse credibility ruling, their cumulative effect, under the totality of the circumstances, could have led a reasonable fact-finder to conclude that Singh exaggerated his role in the Mann Party, the severity of his mistreatment, and the objective reasonableness of his fear of returning to India and, therefore, was not credible. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Hong Fei Gao*, 891 F.3d at 80-81 & n.4 ("We do not suggest that omissions regarding medical treatment can never be the basis of an adverse

4

credibility determination.  We emphasize simply that such omissions must be evaluated on a case-by-case basis and weighed in light of the totality of the circumstances.”).

For the foregoing reasons, the petition for review is DENIED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```